IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER HANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1212 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | Judge Mark R. Hornak |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

### I.      Introduction

Plaintiff Alexander Hansen ("Hansen") brings this action pursuant to 42 U.S.C. § 405(g),

seeking judicial review of the final decision of the Commissioner of Social Security

("Commissioner") denying his application for disability insurance benefits under Title II of the

Social Security Act ("Act") [42 U.S.C. § 401-433].  Pending before the Court is a motion to

dismiss filed by the Commissioner pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF

No. 6.  For the reasons that follow, the motion will be denied.

### II.     Procedural History

Hansen protectively applied for disability insurance benefits on October 23, 2007,

alleging that he had become disabled on March 31, 2007.  ECF No. 7-1 at 8.  The Pennsylvania

Bureau of Disability Determination denied the application on January 23, 2008.  *Id.*  Hansen

responded on February 27, 2008, by filing a timely request for an administrative hearing.  *Id.*  On

October 27, 2009, a hearing was held in Johnstown, Pennsylvania, before Administrative Law

Judge Richard P. Gartner (the "ALJ"). *Id.* In a decision dated December 15, 2009, the ALJ determined that Hansen was not "disabled" within the meaning of the Act. *Id.* at 5-19. After the rendering of the ALJ's decision, Hansen filed a timely request for review with the Appeals Council. The Appeals Council denied the request for review on June 23, 2011, thereby making the ALJ's decision the final decision of the Commissioner in this case. *Id.* at 26.

Hansen's counsel has averred that she tried to commence this action on August 25, 2011, by filing a motion to proceed *in forma pauperis* on Hansen's behalf through the Court's Electronic Case Filing ("ECF") system. ECF No. 8-1. The motion was purportedly accompanied by a proposed complaint. For reasons that are not entirely clear, the filing did not go through. Hansen's counsel asserts that she discovered the error on September 20, 2011, when a regular check of the status of her pending cases revealed that no summons had been issued in this case. ECF No. 8 at 2. Hansen's counsel states that during a conversation with a Clerk's Office employee, she was informed that since she had tried to commence this action by seeking leave to allow Hansen to proceed *in forma pauperis*, no receipt of payment could be found to verify that the filing had been received.[1] *Id.* She asserts that she then immediately resubmitted the motion and attached complaint. ECF No. 1. On September 26, 2011, Judge Terrence F. McVerry denied Hansen's motion for leave to proceed *in forma pauperis*. Hansen paid the required filing fee on October 4, 2011, and his complaint was docketed. ECF No. 5.

On November 9, 2011, the Commissioner filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that this action was barred by the sixty-day statute

---

[1] For the reasons set forth at note 3, infra, this advice (if given) would be inaccurate, since the Court's ECF system will accept an in forma pauperis filing without payment and will also electronically issue a "receipt" in the form of a Notice of Electronic Filing ("NEF"), bearing a unique computer-generated receipt code.

of limitations applicable to actions commenced under the Act.[2]  ECF No. 6; 42 U.S.C. § 405(g).

This case was reassigned to the undersigned on December 2, 2011.  ECF No. 9.  By text Order

dated March 29, 2012, the Commissioner was invited to file a reply to Plaintiff's Motion to

Dismiss and respond to or rebut Hansen's assertions regarding the alleged electronic filing mix-

up.  The Commissioner declined to accept that invitation.  The motion to dismiss filed by the

Commissioner is the subject of this memorandum opinion.

**III.   Discussion**

      The first sentence of § 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security
> made after a hearing to which he was a party, irrespective of the amount in
> controversy, may obtain a review of such decision by a civil action commenced
> within sixty days after the mailing to him of notice of such decision or within
> such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  The Commissioner has implemented this statutory language by

promulgating 20 C.F.R. § 422.210.  The portions of § 422.210 relevant to this case provide as

follows:

> **§ 422.210 Judicial Review**
> (a) *General.*  A claimant may obtain judicial review of a decision by an
> administrative law judge if the Appeals Council has denied the claimant's request
> for review, or of a decision by the Appeals Council when that is the final decision
> of the Commissioner.
> \*\*\*
> (c) *Time for instituting civil action.*  Any civil action described in paragraph (a) of
> this section must be instituted within 60 days after the Appeals Council's notice
> of denial of request for review of the administrative law judge's decision or notice
> of the decision by the Appeals Council is received by the individual, institution,
> or agency, except that this time may be extended by the Appeals Council upon a
> showing of good cause.  For purposes of this section, the date of receipt of notice
> of denial of request for review of the presiding officer's decision or notice of the

---

[2] Although Federal Rule of Civil Procedure 8(c)(1) classifies a statute-of-limitations defense as an affirmative
defense that must be raised in an answer, the United States Court of Appeals for the Third Circuit permits a
defendant to raise the defense by motion under certain circumstances.  FED. R. CIV. P. 8(c)(1); *Robinson v. Johnson*,
313 F.3d 128, 135 (3d Cir. 2002).

decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.  ***

20 C.F.R. § 422.210(a), (c).  Paul Halse, a Social Security Administration official, declared on October 5, 2011, that he was not aware of any request by Hansen for an extension of the sixty-day limitations period.  ECF No. 7-1 at 3, ¶ 3(b).

Combining the sixty-day limitations period with the five days allowed for Hansen to receive notice of the Appeals Council's decision denying his request for review, the Commissioner points out that August 29, 2011, was the last day on which Hansen could have timely commenced this action.  ECF No. 7 at 2.  The Commissioner argues that this action should be dismissed on the ground that it was not commenced in a timely manner.  *Id.* at 2-5. Hansen asserts that he actually filed his motion for leave to proceed *in forma pauperis* on August 25, 2011, and that the filing was not recorded because of an "electronic filing error."  ECF No. 8 at 1.  He opposes the Commissioner's motion to dismiss on that basis.  *Id.* at 1-2.

Federal law requires litigants who bring civil actions or appeal adverse determinations to pay filing fees.  28 U.S.C. §§ 1914, 1917.  In *Parissi v. Telechron, Inc.*, 349 U.S. 46, 47, (1955) (*per curiam*), the United States Supreme Court treated a clerk's receipt of a party's timely notice of appeal as sufficient to commence the appeal within the statutorily-prescribed limitations period even though the required filing fee had not been paid in a timely manner.  Given the holding in *Parissi*, a complaint is deemed to be "filed" when it is lodged with the Clerk of Court, even where the plaintiff fails to pay the required filing fee, as long as the plaintiff subsequently pays the fee when told to do so.  *Smith v. Planned Parenthood*, 327 F.Supp.2d 1016, 1019-1020 (E.D.Mo. 2004).  This general rule applies in the Social Security disability context.  *Rodgers v. Bowen*, 790 F.2d 1550, 1551-1552 (11th Cir. 1986).  Furthermore, the United States Court of

4

Appeals for the Third Circuit has held that a complaint filed without the required filing fee or a request for leave to proceed *in forma pauperis* is deemed to be "constructively filed" as soon as it is received by the Clerk of Court, provided that "the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed *in forma pauperis*." *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996).

In light of the foregoing authority, the denial of Hansen's motion for leave to proceed *in forma pauperis* has no bearing on the issue before the Court. Although the Commissioner contends that October 4, 2011, should be treated as the date on which this action was commenced, his position is clearly foreclosed by precedent. ECF No. 7 at 4; *McDowell*, 88 F.3d at 191. If Hansen's motion for leave to proceed *in forma pauperis* and proposed complaint were deemed filed on September 20, 2011, this action would unquestionably filed as of that date. *McDowell*, 88 F.3d at 191; *Rodgers*, 790 F.2d at 1551-1552. The period of time elapsing between September 20, 2011, and October 4, 2011, is not relevant to the Court's analysis.

It remains to be determined whether the passage of time between August 29, 2011, and September 20, 2011, rendered Hansen's complaint untimely. The Appeals Council denied Hansen's request for review on June 23, 2011. ECF No. 7-1 at 26. Given that ninety-nine days elapsed between the denial of the request for review and the filing date appearing on the docket, the complaint appears to have been filed twenty-four days after the expiration of the limitations period. ECF No. 1. Hansen's counsel, however, contends that she electronically submitted the motion for leave to proceed *in forma pauperis* and proposed complaint on August 25, 2011. ECF No. 8-1. She made this assertion in a notarized affidavit dated November 30, 2011. *Id.* That affidavit, which is contained in the record, is accompanied by images of the different computer screens that Hansen's counsel asserts that she saw when she was in the process of

electronically submitting the required documentation to the Court. ECF Nos. 8-2, 8-3, 8-4, 8-5,
8-6. Hansen's counsel claims that a "pure electronic filing error" prevented the docketing of the
motion and proposed complaint on August 25, 2011. ECF No. 8 at 1.

If the motion and proposed complaint were actually filed on August 25, 2011, the
complaint was timely filed despite the denial of the motion and the tardiness of the payment.
*McDowell*, 88 F.3d at 191; *Rodgers*, 790 F.2d at 1551-1552. On the other hand, the filing of the
complaint was clearly untimely if the date appearing on the docket designates the correct filing
date. ECF No. 1. While the Court has no reason to doubt the good faith of Hansen's counsel or
the competence of the Clerk's Office employees responsible for docketing complaints, it is
noteworthy that this is the first case in the Court's experience as a judge or practitioner in which
an electronic filing error of this nature is alleged to have occurred. Further, the "screenshots"
attached to Plaintiff's Response are not of anything purporting to show an electronic interaction
with the Court's ECF filing system, but appear to be only of "screenshots" of Plaintiff's
counsel's office computer during the creation of PDF documents preparatory to an ECF filing.
The docketing discrepancy presently at issue seems to have resulted either from a mistake
attributable to human error or an electronic malfunction attributable to factors beyond the control
of Hansen's counsel and Clerk's Office personnel.

The Court need not conclusively determine whether Hansen's counsel submitted (or
attempted to submit) the documentation improperly, whether an employee of the Clerk's Office
mistakenly failed to place the filings onto the docket, or whether an electronic malfunction
essentially rendered all parties to this dispute blameless. Even if it is assumed that Hansen's
counsel made a technological mistake when she attempted to electronically submit the motion
and proposed complaint to the Court on August 25, 2011, the dismissal of the complaint is not

mandated under the present circumstances.  In *Bowen v. City of New York*, 476 U.S. 467, 478 (1986), the Supreme Court held that the sixty-day limitations period established by § 405(g) did not affect a federal court's subject-matter jurisdiction to entertain an action brought under the Act.  Speaking through Justice Powell, the Supreme Court declared that § 405(g)'s sixty-day statute of limitations, like most statutes of limitations, was subject to equitable tolling.  *Bowen*, 476 U.S. at 479-480.

Although the statutory authority to enlarge the limitations period lies solely with the Commissioner, there are cases in which "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'"  *Id.*, quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976).  In a recent case governed by the Act, the United States Court of Appeals for the Third Circuit suggested that the doctrine of equitable tolling could be properly applied in a situation "where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."  *Kramer v. Commissioner of Social Security*, 2012 WL 388392, at *2, 2012 U.S. App. LEXIS 2540, at *6 (3d Cir. 2012)(unpublished), quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994).  The language employed by our Court of Appeals would seem to embrace the present situation, in which Hansen has timely asserted his rights in the correct forum by improperly forwarding (or allegedly attempting to forward) the relevant documents to the ECF computer database.  Alternatively, it would be inequitable if it turned out that Hansen had to suffer the consequences of an error made by a judicial employee or an electronic malfunction in the Court's ECF system.  *Oshiver*, 38 F.3d at 1387 (stating that equitable tolling is appropriate "where the plaintiff in some extraordinary way

has been prevented from asserting his or her rights"). Thus, the Court concludes that it is not compelled to dismiss Hansen's complaint under these circumstances.[3]

## IV.  **Conclusion**

If Hansen's motion for leave to proceed *in forma pauperis* and proposed complaint were actually filed on August 25, 2011, this action was commenced in a timely manner. *McDowell*, 88 F.3d at 191; *Rodgers*, 790 F.2d at 1551-1552. If Hansen's counsel made an honest mistake when she attempted to submit the required documents to the Court, or a technological malfunction occurred in that process, the doctrine of equitable tolling may be properly applied in this situation. *Bowen*, 476 U.S. at 479-480; *Oshiver*, 38 F.3d at 1387. The Court does so here, and the Commissioner's motion to dismiss (*ECF No. 6*) will therefore be denied.

Mark R. Hornak
United States District Judge

Dated: 4-27-12

cc:     All counsel of record

---

[3] It is also quite possible that Plaintiff's counsel, in the process of seeking to electronically file the Complaint *in forma pauperis* failed to correctly follow through on such filing, since even such a non-paid initial case filing would generate a "Notice of Electronic Filing" (NEF), which Plaintiff's counsel would have received, and the production of which in response to the Motion to Dismiss would have completely avoided this whole problem. Plaintiff's counsel is hereby directed to review, and in the future comply with, the Court's CM/ECF Manual, which is available on this Court's public website, and which explains in minute detail the ECF filing process, and the process for generating and receiving an NEF, even in an in forma pauperis case.